JORGENSON, Judge,
dissenting.
Because the order under review is an appehlable nonfinal order that determines the insurers’ duty to defend, I respectfully dissent from the order of dismissal.
The complaint filed by Dade County seeks a declaration that the insurers have a duty to defend the County in this complex environmental clean-up litigation, and also seeks to recover the costs of investigation and defense of the administrative proceedings and litigation. The court’s view of this appeal as only a damages case is short-sighted, and the dismissal leaves the parties in a state of uncertainty. It makes no sense to consider what damages can be recovered in connection with the defense of a cause unless and until the duty to defend such cause has been established.
Moreover, although the underlying facts may at times overlap both the administrative proceedings and the litigation, the County did not seek a general declaration that the insurers had a duty to defend. Instead, they sought a specific declaration that the insurers had a duty to defend the County in administrative proceedings. There is a plethora of case law in other jurisdictions [3] that addresses duty to defend in the context of administrative proceedings versus litigation; that specific duty may be considered apart from the litigation arena. See, e.g., Certain Underwriters at Lloyd’s of London v. Powerine Oil Co., 75 Cal.App.4th 1038, 89 Cal.Rptr.2d 706 (1999)(holding that insurer’s obligation to defend “suit” did not create duty to defend administrative environmental proceedings), Employers Ins. of Wausau v. Ehlco Liquidating Trust, 292 Ill.App.3d 1036, 227 Ill.Dec. 159, 687 N.E.2d 82 (1997)(same). Contra, Travelers Indem. Co. v. Summit Corp. of America, 715 N.E.2d 926 (Ind.Ct.App.1999)(holding that administrative proceedings in environmental cleanup action were “suits” that triggered the insurer’s duty to defend). In short, administrative proceedings and litigation may involve the same environmentally affected property. Some of the same issues and facts may be implicated in both. However, review of this order would not create “piecemeal appeals,” as the nature of the proceedings is so different that insurers’ duties may not encompass both.
This court has reviewed and reversed a nonfinal order “granting partial summary judgment and finding that [an insurer] has a duty to defend.” See Liberty Mut. Ins. Co. v. Lone Star Indus., Inc., 661 So.2d 1218, 1221 (Fla. 3d DCA 1995). Although the concurrence is correct in stating that the court did not address whether the order was in fact appealable, the reversal on the merits would seem to indicate that the court acknowledged that it had jurisdiction.
This case should proceed on the merits, and not be dismissed for lack of jurisdiction.

. Florida courts have not addressed this issue.